## WILLIAM BAILEY v. L. P. HARRIS.

Where A made an agreement with B for the purchase of a tract of land, and C furnished or loaned the purchase money to A to pay for the land, and took the deed from B in his own name, with the consent of A, upon verbal agreement that A should have five years to repay the money by paying ten per cent. interest thereon, at any time he, A, might elect so to do, and take the land; it was held that as our Statute of Frauds does not inhibit the creation of trusts in lands by parol agreements, the facts constituted C the trustee of A; and the latter, having tendered performance within the time, and brought suit to compel a conveyance of the land, recovered judgment to that effect against C.

Appeal from Rusk.   Tried  below before the Hon.  Charles A. Frazer.

The statement of facts was as follows :   Deed from Theodore J. Dorsett  to defendant Bailey, for sixty-seven acres  of land in  Rusk  county, dated March 29th, 1853 ; consideration $100 50.   The plaintiff (Harris) then proved in substance  (in the language of the statement of facts,) by three witnesses, that the plaintiff had made a contract with the maker of  the deed aforesaid, for the land described therein, and that the defendant had furnished or loaned the money to the  plaintiff to pay for the land, and took the deed for the same in his, defendant's own name, by and with the  consent of  the plaintiff ; and it was then and there  agreed  by and  between  them, that said plaintiff was to have five years to repay the money  by paying ten per cent. interest thereon, at  any time he, plaintiff, might elect so to do, and take the land.  And plaintiff further proved that on the 9th day of  July, 1855, (before  this suit was instituted—Reps.) he tendered to  said defendant the sum  of  one hundred and thirty dollars in  specie to pay back the purchase money and interest, advanced by the defendant for the land in controversy ;  which defendant refused to accept.

The jury found for the plaintiff.  Motion for new trial overruled, &c.

A demurrer to the petition, which  detailed  the facts afterwards proved as aforesaid, and tendered performance, and prayed a decree for a conveyance of the land, was overruled.

*S. P. Hollingsworth*, for appellant, cited  4 Kent, 305, 306, and authorities there cited in note ;  Willis v.  Willis, 2  Ark. R. ;  Bartlett v. Pickesgill, 1 Eden, R. 515.   This is entirely a different case from James v. Fulcrod, 5 Tex. R. 512.

Hemphill, Ch. J.   There is  no  error  in  the judgment. The agreement  by Harris  to  purchase the land from Dorsett, is fully established by the evidence of  three witnesses ; and

under the facts, the purchase money may be regarded as the money of Harris, loaned to him by the appellant Bailey, and the deed taken in the name of Bailey to secure the repayment of the loan. The money being thus advanced by Harris, there would have been a resulting trust for his benefit, even under the most strict meaning of the terms, viz : that such trust is one which results to the person who advances the purchase money, but takes the deed in the name of another.

But it is immaterial whether the facts be such as by implication or construction of law, would raise a resulting trust. The laws of this State do not prohibit the declaration or creation of trusts, or their proof, by parol. They do not restrict the creation of parol trusts, (as do the laws of England and most of the other States,) to such as arise only by implication or construction of law. If the arrangement between the parties in relation to this land, clearly created a trust between the parties to this suit, it will be enforced although it be by parol, and whether it be or not, in a technical sense, a resulting trust. (James v. Fulcrod, 5 Tex. R. 512.)

The transaction is in the nature of a mortgage, and certainly has as much equity, and is as much entitled to the aid of the law, as mortgages created by the mere deposit of title deeds. (2 Story Eq. Sec. 1250.)

The Statute of Frauds, requiring contracts for the sale of lands to be in writing, was designed to suppress frauds ; but if allowed to extend to cases such as the present, which in fact it does not reach, the result would be the encouragement and support, and not the suppression of fraud.

The facts show clearly that there was a valid and legal trust between the parties ; and the judgment decreeing, in effect, the execution of the trust, is affirmed.

Judgment affirmed.