WADE v. COHEN. (No. 1400.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1915.)

1. CONTRACTS ⬉9—VALIDITY—MEETING OF MINDS.

Where plaintiff proposed that defendant purchase a residence and sell it to him on installments, the contract was not consummated, where the parties had not agreed as to its terms, such as the payments, etc.; consequently defendant, having bought in the property for his own benefit, was not guilty of a breach of contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 10–20; Dec. Dig. ⬉9.]

2. FRAUDS, STATUTE OF ⬉74—AGREEMENTS RELATING TO LAND.

An agreement to purchase realty, improve it, and thereafter sell it to another on installments, is within the statute of frauds, and cannot be enforced, unless reduced to writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 122–131; Dec. Dig. ⬉74.]

3. TRUSTS ⬉63¾—RESULTING TRUSTS.

Where plaintiff requested defendant to purchase a residence and sell it to him on installments, and defendant bought the property for himself, no resulting trust arose, as payments were to be made, if at all, by plaintiff, after title vested in defendant.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 91, 92, 98–100; Dec. Dig. ⬉63¾.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by Eppner Cohen against M. C. Wade. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

V. H. Biddison and Mahaffey, Thomas & Hughes, all of Texarkana, for appellant. C. A. Wheeler and N. L. Dalby, both of Texarkana, for appellee.

LEVY, J. The action is by appellee against appellant to recover the title to lot 12, block 101, in the city of Texarkana, or, in the alternative, for damages for the alleged breach of a contract respecting the purchase and sale of the lot. Appellant denied the allegations of the petition, pleaded in bar the statute of frauds, and set up valuable improvements in good faith since the purchase. The case was tried to a jury on special issues, and, upon findings favorable to appellee, a judgment was entered against appellant for damages in the sum of $287.51.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes

The appeal is by appellant. The assignments for error are predicated on the refusal of the court to peremptorily instruct the jury to return a verdict for appellant.

Appellee was desirous of purchasing the lot now in suit, upon which stood a dwelling, for his home; and the owner thereof had consented to sell it to him for $1,350. Appellee was unable at the time to pay the purchase price, but desired to pay for it by means of monthly installments or on terms suitable to him. It was suggested to appellee that probably appellant, a real estate dealer, might assist him in carrying out his purpose and plans respecting the purchase and payment for the premises. Acting upon the suggestion, the appellee telephoned the appellant to come to see him at his place of work, and there he disclosed to appellant his intentions respecting the lot. Taking all the testimony as to what passed between the parties at this meeting in a way that would be most favorable to appellee, it would appear that appellee made the proposal to appellant that appellant furnish the money, buy the place from the owner, and make, at his own expense, such needed improvements on the place as might be decided on between the appellant and appellee, and then appellant to sell the property to appellee on terms of monthly payments as might be agreed upon thereafter. Appellant and appellee then briefly discussed, in a general way, the amount desired to be spent for repairs, and concerning a plan to put the property in a building and loan association in order that appellee could have the benefit of paying monthly installments. The nature or character of the improvements desired by the appellee was not disclosed or discussed at the time. Appellee was favorably inclined to the suggestion to enter the building and loan association. Appellant, it appears, then expressed to appellee his willingness to agree to do for appellee the things appellee desired him to do, but stated at the time that, as he was unacquainted with the premises and did not know the extent and cost of the improvements desired by appellee, it would first be necessary for him and appellee to go together to see the place and have some understanding as to the extent and cost of repairs to the house, and there to come to some final agreement. The next afternoon was set as the time to go to see the property and to see what was necessary to be done to the house and the costs of the repairs, and to come to an agreement. At the appointed time appellant and appellee and his wife went to the place, and they utterly failed to agree on the extent and cost of the improvements that appellee desired made on the house, and failed at that time, or at any subsequent time, to agree upon the price which appellant would ultimately charge for the property with the improvements added.

Appellant, it appears, on the morning of the visit to the place, purchased the property from the owner, paying therefor $1,250 cash, and taking the deed in his name, stating that he was buying it to let appellee have it. Appellee furnished no part of the purchase price. After the failure to agree as above stated, and after appellant had purchased the property, the appellee went to see the appellant in respect to purchasing the place, and offered him $1,350 in cash for the property, but appellant refused to take that sum, but offered to take $1,400 cash if the offer was taken up by noon of the next day. The offer was not accepted by the appellee. After failure of agreement, the appellant put valuable improvements on the property, as pleaded. Appellee proved no ownership in himself to the premises.

[1-3] It is thought that the court erred in not directing a verdict for appellant. The evidence fails, it is concluded, to establish a definite and completed contract between the parties, and as a legal consequence fails to afford ground for the action as to the land or for damages. And an agreement, if there had been a completed one, whereby one person binds himself to purchase realty, to put certain improvements thereon which might thereafter be agreed upon between the parties, and then to sell the realty on credit terms to be thereafter agreed upon between the parties, would be, unless evidenced by a writing, void under the provisions of the statute of frauds, and legally unenforceable. Allen v. Allen, 101 Tex. 362, 107 S. W. 528. As payments were to be made, if at all, by appellee after the title vested in appellant, a resulting trust could not be predicated, as asserted by appellee. Parker v. Coop, 60 Tex. 111. It is further not thought that the evidence, properly construed, even tends to show, as contended by appellee, that it was in the minds of both parties that appellant was merely as a purchasing agent to buy the property from the owner for appellee.

The judgment is reversed and here rendered in favor of appellant, with all costs.