**ARNIM et al. v. RAUCH et ux.**

**No. 3192.**

Court of Civil Appeals of Texas. Beaumont.

Feb. 4, 1938.

Rehearing Denied Feb. 23, 1938.

Boone, Henderson, Boone & Davis, of Corpus Christi, J. G. Cook, of Sinton, and M. A. Childers, of San Antonio, for appellants.

H. S. Bonham, J. A. Wood, and Minor Pitts, all of Corpus Christi, and W. B. Moss, of Sinton, for appellee.

O'QUINN, Justice.

This suit was brought by Otto Rauch, and his wife, Anna Rauch, appellees, in the district court of San Patricio county, against F. V. Arnim, Kathleen Lord Arnim, a feme sole, and Herman Kruse, appellants. The nature of this suit was (a) trespass to try title to 320 acres of land in San Patricio

county, and (b) to set aside a trustee's sale of said land and cancel the trustee's deed thereunder; cancel a mineral royalty conveyance affecting a one-half interest in the minerals in and under said land, made prior to the sale of the land by the trustee, and to revest full and complete title in and to said land in the plaintiffs as per an alleged parol agreement by virtue of which the sale of the land by the trustee was made; and for an accounting and settlement between the parties. They also pleaded for relief in the alternative the nature of which need not here be mentioned.

The defendants F. V. Arnim and Kathleen Lord Arnim answered by general demurrer, plea of not guilty, general denial, and special denial of all matters alleged by plaintiffs relative to the alleged parol agreement set up by plaintiffs touching the sale of the land under the deed of trust. By cross-action they pleaded over against plaintiffs and prayed for judgment for the title and possession of the land, and relief generally.

The defendant Kruse answered by general demurrer, plea of not guilty, and adopted the answer of the Arnim defendants.

The case was tried to a jury upon special issues all of which were answered favorable to plaintiffs. Judgment was accordingly entered in favor of plaintiffs, appellees, setting aside the sale of the land under the deed of trust, and canceling the deed thereunder and revesting the title to said land in plaintiffs, subject to the indebtedness of plaintiffs to the Arnim defendants, and awarding said defendants judgment against plaintiffs for said indebtedness in the sum of $4,290.05, and establishing a lien against the land for the payment of said indebtedness, with order foreclosing said lien. The judgment denied plaintiffs any recovery against the defendant Kruse, and also denied the Arnim defendants any recovery against plaintiffs on their cross-action. Motion for a new-trial was overruled, hence this appeal.

Appellants' first three assignments, in effect, urge the same error; that is, that the court erred in not granting their motion for an instructed verdict. We note the following facts:

(a) March 20, 1925, Andrew M. Johnson and Ruth Bly Johnson conveyed to Otto Rauch 320 acres of land situated in San Patricio county, Tex. As consideration for said land Rauch paid Johnson $1,500 cash, and executed and delivered to Johnson his nine promissory vendor's lien notes, each for the sum of $1,500, payable to Johnson's order, on or before September 1st of the years 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, and 1935, respectively. December 26, 1925, Johnson, for a favorable consideration, duly assigned and in writing transferred all of said notes and lien to the Dallas Joint Stock Land Bank of Dallas, Tex. November 2, 1925, Otto and Anna Rauch gave to the Dallas Joint Stock Land Bank their note for the sum of $16,000 in lieu of the nine vendor's lien notes executed by them to Andrew Johnson in part payment for the land, and which notes and lien were transferred and assigned to said bank, which $16,000 note was to be paid on the amortization plan in sixty-five equal annual payments, and executed to H. W. Ferguson as trustee to secure the payment of said note, a deed of trust covering said 320 acres of land.

(b) On November 2, 1925, Otto Rauch and Anna Rauch borrowed $3,200 from Farmers Fund of Texas, and executed their two promissory notes, each in the sum of $1,600, payable to said Farmers Fund one and two years from date, respectively, bearing 8 per cent. interest from date, and on said date, November 2, 1925, executed a deed of trust to H. W. Ferguson, trustee, covering said 320 acres of land, to secure the payment of said two notes. September 12, 1927, Farmers Fund of Texas in writing for a favorable consideration duly assigned and transferred said notes and lien to J. Locke. November 25, 1930, J. Locke, for a valuable consideration, in writing duly assigned and transferred said notes and lien to Mrs. Kathleen Lord Arnim, guardian of the estates of her four minor children.

(c) April 10, 1931, Otto and Anna Rauch conveyed a one-half oil, gas, and mineral royalty interest in the 320 acres in question, to F. V. Arnim. May 15, 1931, F. V. Arnim gave a statement in writing to Otto Rauch that he, Arnim, would hold the oil, gas, and mineral royalty interest conveyed to him, and not sell or assign same, until Rauch paid what he, Rauch, owed him, Arnim, when he would reconvey to Rauch said mineral interest. It is contended that this conveyance was to secure an indebtedness owed by Rauch to Arnim. This is the royalty conveyance sought to be canceled.

(d) November 2, 1925, Otto Rauch and his wife, Anna Rauch, entered into a written contract with W. C. Long to clear and

grub 255 acres of the 320 acres, and put same in a tillable condition by March 1, 1926, in consideration for which they executed and delivered to said Long their promissory note in the sum of $5,700, and to secure the payment of said note executed in his favor a mechanic's, materialman's, and laborer's lien on said land. December 23, 1925, Long, for a favorable consideration, transferred and assigned the note and lien to the Sinton State Bank of Patricio county. On August 24, 1926, the Sinton State Bank duly assigned and transferred the note and lien to the Dallas Joint Stock Land Bank and Farmers Fund.

(e) On January 5, 1932, O. K. Crow, acting substitute trustee instead of H. W. Ferguson, who had refused to act, in accordance with the request of Kathleen Lord Arnim, guardian, holder of the two notes for $1,600 each, executed by Otto and Anna Rauch payable to Farmers Fund, and which by assignment were held by Mrs. Kathleen Lord Arnim, and which notes had not been paid and were past due, in accordance with the provisions of the deed of trust, sold the land to satisfy said indebtedness to Mrs. Kathleen Lord Arnim on her bid of $1,500, and made trustee's deed to her for same. This is the sale sought to be set aside and the deed sought to be cancelled.

We think the assignments should be overruled. Appellees, among other things, alleged:

"VIII. Plaintiffs would still further show to the court that in the Fall of 1931 they found it difficult to make certain interest payments which had become due upon the said first lien note hereinbefore mentioned, and also the payments which had become due upon the second lien notes hereinbefore mentioned and the said sum of $856.00 above mentioned and claimed to be due by defendants. Plaintiffs would still further show that under such conditions the Dallas Joint Stock Land Bank, the owner and holder of the said $16,000.00 note secured by a first lien upon said land, upon which there was then due certain interest or amortization payments amounting to about $630.00, began insisting that such payments be made and otherwise threatening a foreclosure upon the entire indebtedness due to said bank.

"IX. Plaintiffs would further show to the court that the conditions described in the next preceding paragraph hereof existed along about the close of 1931, and especially was the Dallas Joint Stock Land Bank at such time demanding a payment upon its indebtedness, which these plaintiffs were then unable to make without obtaining assistance, and under such conditions and at or about the 1st day of December, 1931, or shortly prior thereto, the defendant F. V. Arnim acting for himself and as the duly authorized agent and representative of defendant Kathleen Lord Arnim represented to these plaintiffs, that he and the said Kathleen Lord Arnim were willing to continue to extend and carry the two notes for $1600.00 each and the indebtedness held by them, and were also willing to advance to plaintiffs the needed sum of approximately $630.00 to meet the payment to the Dallas Joint Stock Land Bank, but that due to the fact as said Arnim then claimed, that some of the moneys of an estate were involved, they could not make such additional advancement unless they or one of them should be permitted to hold the title to the property, by reason whereof he stated they would be better secured upon their unsecured indebtedness, and also upon all other indebtedness due and owing from plaintiffs to said defendants and thereupon the said F. V. Arnim, acting for himself and defendant Kathleen Lord Arnim submitted to plaintiffs the proposition that if plaintiffs would allow the defendants Arnim to foreclose the lien securing the said two notes of $1600.00 each, without resistance, that said defendants, or one of them would buy in the property at said sale, and would hold the property for plaintiffs until such time as plaintiffs might be ready to pay off and satisfy the entire indebtedness due and owing to the defendants, including such indebtedness as was then unsecured, and in addition that said defendants would pay off and discharge such payments as were then due upon the original lien indebtedness, and would re-convey said lands to the plaintiffs, when plaintiffs were ready to pay off to said defendants Arnim, any and all such indebtedness as might then be due to defendants, or repay to defendants the moneys that said defendants had invested in said lands, up to the time plaintiffs paid off the indebtedness and accepted the reconveyance of the lands; and in this connection said defendant Arnim further stated that during such time that he and/or his co-defendant might hold the title to the property, plaintiffs should remain in possession thereof or in actual possession of as much as they could cultivate, the remainder to be rented to some other desirable and agreeable person, and should make pay-

ments upon said indebtedness in an amount equal to at least the usual rents upon the property to wit, one fourth of the cotton raised and customary rent on feed land, such payments to come from all of the land, whether cultivated by plaintiffs or some one else, and said defendants further agreed and promised that any and all such payments made by plaintiffs, and all income of any nature whatsoever received by the defendants from said property or on account of said lands would be applied upon the indebtedness against the property including taxes, insurance and interest, and said defendant offered and promised to account to plaintiffs for all such payments and income of every nature arising from the property and received by said defendants until such time as plaintiffs could arrange to pay off said indebtedness, at which time said defendant promised and agreed to reconvey said lands and premises to plaintiffs.

"X. In connection with the foregoing proposition plaintiffs would further show to the court that 200 acres of said land involved herein if in fact subject to the lien held by said defendants Arnim to secure the payment of the two $1600.00 notes was only a second or third lien, and in addition said defendants Arnim had no security for a considerable additional amount of indebtedness as hereinabove alleged, at least on the homestead of 200 acres, the exact amount of which is unknown to these plaintiffs, but plaintiffs nevertheless accepted the proposition so submitted by said F. V. Arnim for himself and the defendant Kathleen Lord Arnim and promised and agreed that if said Arnim and his codefendant would pay off such indebtedness as was then due upon said first lien notes and would apply the income from the property as offered by said Arnim, that plaintiff would make no further effort to obtain other help, that said defendants might foreclose the lien securing said two $1600.00 notes above described, without resistance and sell and buy in the land, and might thereafter hold the title to said property as security for all of the indebtedness, then due or to become due and owing by said defendants to these plaintiffs, whether such indebtedness had been theretofore secured by any lien or not, until such time as plaintiffs could pay off such indebtedness; and plaintiffs say that in accordance with such agreement foreclosure proceedings were begun, that the resignation of H. W. Ferguson, as trustee in said deed of trust was obtained and O. K. Crow was appointed as substitute trustee in lieu of said H. W. Ferguson and said substitute Trustee was thereupon requested to proceed with the foreclosure sale foreclosing the deed of trust lien securing said two $1600.00 notes. In this connection plaintiffs would still further show that the said O. K. Crow himself had such agreement fully explained to him by both the plaintiffs and by defendant F. V. Arnim, and that in posting said notices for said sale and in advertising said property for sale, and in making said sale, he, the said O. K. Crow acted in accordance with the agreement of plaintiffs and said defendants Arnim, which said agreement was an oral agreement made as hereinbefore alleged.

"XI. Plaintiffs would further show to the court that said O. K. Crow thereafter, having posted notices of sale, sold said land and premises on the first Tuesday in January, 1932, the same being the 5th day of January, 1932, for the purpose of paying said two notes of $1600.00 each, and at said sale defendant Kathleen Lord Arnim, in accordance with said agreement, became the purchaser of said property and purchased the same for the nominal sum of $1500.00, the bid on her behalf being submitted by defendant F. V. Arnim or by her son Travis Arnim. Plaintiffs would still further show to the court that shortly after defendant Kathleen Lord Arnim purchased said land at said trustee's sale on or about the 5th day of January, 1932, she conveyed said one-half interest therein to the defendant F. V. Arnim by deed dated January 29, 1932, which deed is recorded in the deed records of San Patricio County, Texas, at page 25 of Volume 101, to which said instrument and its record reference is here made for all pertinent purposes.

"Plaintiffs further say that prior to said sale one of the $1600.00 notes above mentioned, except the interest, had been paid, and the lien securing same released, but said fact was concealed from plaintiffs by defendants who claimed the entire indebtedness of $3200.00 with interest, and the sale was made to satisfy the full amount of the debt, when one-half thereof had been paid.

"XII. Plaintiffs would further show to the court that as above stated, it was agreed prior to the sale, that plaintiffs should remain in possession of said land after said sale, and should continue to farm and cultivate the same, or so much thereof as they could cultivate profitably, and plaintiffs and defendants should rent any such portion

thereof as plaintiffs could not cultivate profitably to some suitable person, from whom rents should be collected, and that while defendants held the title to said land that plaintiffs should pay upon such portion of said land as was cultivated, an amount equal to the usual rental, one-fourth of the cotton raised thereon, all of which should be credited upon plaintiffs' indebtedness; but plaintiffs further say that after said sale said defendants began to collect rents from a portion of said land and also received payments from these plaintiffs which were usually termed rents, all of which said moneys so received and collected by said defendants were to be credited upon the indebtedness upon and against said land, whether the same was collected by these plaintiffs or from any other person renting and farming any portion of said land."

They further alleged, in substance, that about January 1, 1934, although appellees had arranged to pay appellants in full the amounts, they, appellants, refused to accept such payment, and set up title to the land in themselves, and were still claiming to own same; that had it not been for the agreement made by F. V. Arnim with Otto Rauch, appellee, that if said Rauch and wife would convey to him, Arnim, an undivided one-half oil, gas, and mineral royalty interest in said land to be held by said Arnim as security for indebtedness owed to him, Arnim, by said Rauch, and that when said indebtedness was paid, he would reconvey said mineral interest back to said Rauch that they, Rauch and wife would not have executed said mineral conveyance; also that but for the agreement and understanding between said F. V. Arnim and said Otto Rauch, that the property should be sold under the deed of trust and bought in by Arnim and held for appellee until he could refinance the indebtedness and pay his debt to Arnim, he would not have permitted the sale to have been made without competitive bids, nor for the amount it was sold for.

The question of whether or not the parol agreement alleged by appellees that there should be a friendly foreclosure of the deed of trust lien held by Mrs. Arnim, the property bought in by the Arnims and held by them for appellee Rauch until he could refinance the matter and pay to the Arnims the indebtedness owed by Rauch to them, and when the debt was paid to then reconvey the land to Rauch was plead by appellees and raised by the evidence. This issue was duly submitted to the jury and they found against appellants and in favor of appellees that such parol agreement was had. The issue was one of fact. No good purpose would be served by setting out the evidence disclosed by the record supporting the jury's finding, and we content ourselves by simply saying that the record amply supports the jury's finding.

But appellants insist that if such agreement was made prior to the sale under the deed of trust, that there was no consideration for same. This contention is not sound. Rauch's agreement not to bid or to have others to bid for the property at the sale, and the fact that he was present at the sale and did not bid, and that he refrained from attempting to get others to bid, but let the sale be made and the property bid in by one of the creditors at a very small percentage of the real value of the property, was sufficient consideration to support the agreement. Brown v. Jackson, Tex.Civ.App., 40 S.W. 162; Chandler v. Riley, Tex.Civ.App., 210 S.W. 716; Baker v. Griffith, Tex.Civ.App., 79 S.W.2d 626. Furthermore, it appears that Arnim by means of the foreclosure sale under the deed of trust, thus getting title to the land, obtained security for a considerable debt owed Rauch to him for which theretofore there was no security. This afforded consideration for the agreement.

Likewise the contention of appellants that if the parol agreement was in fact made as alleged and proven by appellees, that same was void because in violation of the statute of frauds, R.S.1925 art. 3995, is without merit. It is well settled law, in this state, that an agreement between a debtor and creditor that the creditor or debt owner will purchase land of the debtor pledged for the payment of the debt at execution or deed of trust sale and hold the land as trustee, subject to reconveyance to the debtor on payment of the debt, is not void because the agreement is oral; in other words the statute of frauds has no application to such agreement. James v. Fulcrod, 5 Tex. 512, 55 Am.Dec. 743; Miller v. Thatcher, 9 Tex. 482, 483, 60 Am.Dec. 172; Bailey v. Harris, 19 Tex. 108, 109; Byrnes v. Morris, 53 Tex. 213; Sullivan v. Fant, 51 Tex.Civ.App. 6, 110 S.W. 507, writ refused; Matthews v. Deason, Tex.Civ.App., 200 S.W. 855; Chandler v. Riley, Tex.

Civ.App., 210 S.W. 716, writ refused; Adcock v. Shell, Tex.Civ.App., 273 S.W, 900, writ refused; Baker v. Griffith, Tex. Civ.App., 79 S.W.2d 626, reversed on other grounds, Tex.Com.App., 107 S.W.2d 371.

■ It is further insisted that if the parol agreement alleged by appellees was made that same was abandoned and superseded by a certain rental or agreement contract in tenancy executed by Otto Rauch and F. V. Arnim on October 6, 1932. This instrument stipulated that F. V. Arnim had rented to Otto Rauch 140 acres of land, same being the west 140 acres out of the 320 acres of land in controversy, for the years 1932 and 1933, and contained surrender stipulations relative to the planting of crops and the care of the premises and provided for a lien on all crops produced for the faithful performance by Rauch of the rental agreement, and further provided that in case of sale of the property by Arnim by November 1, 1932, Rauch was to vacate the premises and surrender possession of "all acreage" covered by the rental contract by the 15th of November of said year. The sale under the deed of trust was made January 5, 1932. The tenancy agreement was executed October 6, 1932 —nine months later. Rauch pleaded and testified that one of the terms of the oral agreement under which the deed of trust sale was made was that he was to continue to occupy and use the land, but that a portion of the crops made by him was to be applied to discharge debts against the land. That he never in fact became a tenant of Arnim. He alleged that the tenancy agreement was made at the suggestion of Arnim for the purpose, not of his, Rauch acknowledging ownership in the land in Arnim, but that Arnim could get one Herman Kruse to rent and occupy and use a portion of the land under the supposed terms of Rauch's agreement, and that with that understanding he, Rauch, executed the agreement. He testified positively that the rental contract was not intended to establish or create the relation of landlord and tenant between him and Arnim. In answer to special issues the jury so found. Their findings have support in the evidence. McCartney v. McCartney, 93 Tex. 359, 55 S.W. 310. Moreover, the tenancy contract was merely evidentiary as to whether the parol agreement alleged by appellees was made between Rauch and Arnim, and the jury upon sufficient evidence found that it was made.

■ The assignment that the court erred in refusing to enter judgment for appellants non obstante veredicto is overruled. The issue of fact as to the parol agreement that the sale under the deed of trust was to be a friendly sale, that Arnim was to buy in the land and hold same in trust for appellee until Rauch paid what he owed Arnim and the land was then to be reconveyed to him and the jury having found that such agreement was made the refusal of the court to enter judgment for appellants notwithstanding the verdict was correct.

The fifth, sixth, and seventh assignments, relative to the admission of the testimony of certain witnesses, are overruled. The evidence was admissible.

Other assignments are presented. All of them have been considered. None of them are believed to present reversible error and are overruled.

The judgment should be affirmed, and it is so ordered. Affirmed.