**STONE et ux. v. FITTS.**

No. 14348.

Court of Civil Appeals of Texas.
Fort Worth.

March 13, 1942.

Rehearing Overruled April 17, 1942.

McDonald & Anderson, of Wichita Falls, for appellants.

Stine, Bunting & Stine, of Henrietta, for appellee.

SPEER, Justice.

This is a trespass to try title suit instituted by Earl C. Fitts against Jerome S. Stone and his wife, Beatrice K. Stone, to recover title and possession of an undivided one-half interest in 122.6 acres of land in Montague County. The whole tract is described by metes and bounds and no point is made by either party that the land in controversy is not sufficiently identified. Stone and wife answered with general denial and pleas of not guilty. They also filed a cross-action against Fitts for the title. . . .

Fitts' proof of title consisted of a conveyance to J. E. Kuteman, the common source, that he died intestate, leaving no wife, no children or their descendants, and that Mrs. Beatrice K. Stone was his only sister, that there were no surviving brothers, no surviving children of either deceased brothers or sisters, and that Mrs. Nellie Kuteman Gaydon was his mother. That after the mother had been divorced from Gaydon, and remarried to Lee Fitts, a conveyance from the mother, then Mrs. Nellie Kuteman Fitts, and husband, was made to Earl C. Fitts.

In the cross-action the Stones pleaded a written contract and agreement made between them and Mrs. Stone's mother (whom for obvious reasons we will hereinafter refer to as Mrs. Kuteman), whereby they had each obligated themselves not to sell or convey any of the large landed interests inherited by them from J. E. Kuteman, deceased, for a period of two years; that the deed from Mrs. Kuteman (Fitts) to Earl C. Fitts was made during the period restricted by the contract. Further allegations show, however, that Earl C. Fitts, an attorney, had performed legal services for Mrs. Kuteman and was endeavoring to collect a fee from her; that in a meeting between all parties at Wichita Falls, Mrs. Kuteman told Fitts that she had turned the matter of settlements over to the Stones and whatever they did would be satisfactory with her; that Fitts was threatening suit unless payment was made of his fees; that at a conference in which Mrs. Kuteman was not present, Fitts said to the Stones that Mrs. Kuteman was willing to deed him the land in controversy, and having knowledge of the contract between them, asked the Stones to join in the conveyance. They declined to do so but allege in that connection as follows: "But in order to protect the estate, defendants (the Stones) agreed with plaintiff (Fitts) that if he would obtain a conveyance of title of an undivided one-half interest in and to the land described in plaintiff's petition from said Mrs. Kuteman, then married to Lee Fitts, that although they would not join in said conveyance, that he could take title in his name, hold same in trust for the said Mrs. Stone, and that she would pay him therefor the sum of Eight ($8.00) Dollars per acre. He (Fitts) agreed that he would attempt to obtain from the said Mrs. Kuteman, as above, a conveyance and that he would hold the title in trust for Mrs. Stone." Further allegations are to the effect that Fitts did in fact take said conveyance in payment of his said fees; that within a few days after said conveyance was made the Stones made tender to him of the $8 per acre agreed by them to be paid and demanded a conveyance to them by him and Fitts refused and still refuses to make said conveyance of the land to Mrs. Stone. The Stones kept their tender good at all times until the date of trial.

The trial was to a jury, but after the court had excluded from consideration by the jury testimony offered by the Stones, in support of their allegations of trust, an instructed verdict for Fitts was given. Judgment being entered on the instructed verdict, the Stones have appealed. They base their appeal and right of reversal upon the alleged error of the court in excluding their testimony and in giving the summary instruction.

■ We must first determine if the pleadings of the Stones were sufficient, if proven, to establish a parol trust for Mrs. Stone, in the property conveyed by Mrs. Kuteman to Fitts. We have no doubt that such a trust can be so established. Fitts' counsel concede it. It seems to be the rule that to establish a parol trust in property, at least three things must appear; they are, (1) an agreement between the parties that such a trust shall exist, (2) that the beneficiary has furnished the money with which the purchase is to be made, or has obligated himself to pay it in a way that the purchaser can enforce it, and (3) the conveyance was made to the grantee in pursuance of such agreements and obligations. It has often been held that where the beneficiary has obligated himself in a manner which is enforceable by the one in whose name the property is taken in trust, it is equivalent to the furnishing of the money by the beneficiary to pay the purchase price in the first place. Bailey v. Harris, 19 Tex. 108, 109; Lucia v. Adams, 36 Tex.Civ.App. 454, 82 S.W. 335; Vicars v. Quinn, Tex.Civ.App., 154 S.W.2d 947; Elbert v. Waples-Platter Co., Tex.Civ.App., 156 S.W.2d 146.

■ As we view the pleadings of the Stones, this is not a case in which they and Fitts had contracted for Fitts to buy the land and to thereafter sell it to the Stones at a specified price as contended for by Fitts. If it could be so construed then no trust was created; it would simply be a parol agreement to convey land, which

would violate the Statute of Frauds, Vernon's Ann.Civ.St. art. 3995, and could not be enforced. Wade v. Cohen, Tex.Civ. App., 173 S.W. 1168; American National Ins. Co. v. Warnock, Tex.Civ.App., 143 S. W.2d 624, writ dismissed, correct judgment; Thorp v. Gordon, Tex.Civ.App., 43 S.W. 323, writ refused; Lobban v. Wierhauser, Tex.Civ.App., 141 S.W.2d 384, writ refused; Wheeler v. Haralson, 128 Tex. 429, 99 S.W.2d 885; Schutz v. Harris, Tex.Civ.App., 149 S.W. 242, writ refused.

■ Measured by every standard laid down in the authorities which draw the line of distinction between the two classes of cases, we think the pleadings alleged a parol trust, by which Fitts was to get a conveyance from Mrs. Kuteman and hold the legal title in his name in trust for Mrs. Stone, and that when she should thereafter pay him the amount agreed upon he would make conveyance to her. One might speculate why, under the circumstances, the parties did not pursue a more direct course by having Mrs. Stone advance to her mother 'the $400 for payment to Fitts of the fee and let Mrs. Kuteman make conveyance of the land directly to Mrs. Stone; but we think we can see the motive that prompted Mrs. Stone not to do this. There is evidence in the record that the land was really worth on the market $16 per acre, and that Mrs. Kuteman preferred to convey the land in payment of the fee over making payment in money; at that price the undivided one-half interest in the 122.6 acres would be worth more than double the amount of the fee owing by Mrs. Kuteman; perhaps Mrs. Stone did not want to buy from her mother the interest at less than half its value, but having authority under the contract between them to prevent a sale by her mother, Mrs. Stone chose the method pleaded by her, to get the title conveyed to Fitts in trust for her for a consideration of about half its value.

We believe that the pleadings of cross-plaintiffs, the Stones, were sufficient to allege the existence of a parol trust, and to form the basis for the introduction of testimony in support of them.

■ It has long been the rule in this state that parol evidence is admissible to prove the existence of the trust. Mead v. Randolph, 8 Tex. 191, 192; Bailey v. Harris, 19 Tex. 108, 109; Allen v. Allen, 101 Tex. 362, 107 S.W. 528; Vicars v. Quinn, Tex.Civ.App., 154 S.W.2d 947, and the authorities there collated.

During the progress of trial, counsel for the Stones called to the stand, as a witness, cross-defendant Fitts. He was asked questions about the transactions had and agreements made between himself and the Stones prior to and leading up to the time he received the deed from Mrs. Kuteman. He denied all of the material matters which the Stones claimed created the parol trust. Fitts' counsel objected to all such inquiries but the objections were overruled by the court.

When the Stones offered to testify to those things alleged by them in an effort to get before the jury their theory that the parol trust was established, counsel for Fitts anticipated their testimony and objected upon the grounds that the pleadings did not allege facts constituting such a trust but that it only tended to show an agreement to convey real estate already shown to have been oral, and therefore unenforceable under the Statute of Frauds. The court excused the jury and sent them out; the testimony was heard by the court for the dual purpose of determining its admissibility and, if determined by him to be inadmissible, then for the perfection of Stones' bill of exception for its exclusion.

No useful purpose would be served to set out the testimony of both Mr. and Mrs. Stone, given under the above conditions; taken in its most favorable light in support of their contentions made by the pleadings, it was substantially as they had pleaded. It was by no means conclusive but we cannot say that if the jury had believed some parts of it and rendered a verdict to that effect, there would have been no substantial testimony to support the verdict. The court stated in connection with his sustaining of the objection to the testimony, that he could see nothing in it to support the plea of a parol trust.

■ It is now the well settled rule in this state that a trial court in determining whether or not an instructed verdict should be given in a case, all of the testimony must be considered in its most favorable light to the party against whom the instructed verdict is to be rendered. If a jury by so considering the testimony might have returned a verdict for the losing party under the summary instruction, no instructed verdict against him should be had. 17 Tex.Jur. 910, § 410. In addition to the authorities cited under the above text are

the cases of City of Houston v. Chapman, 132 Tex. 443, 123 S.W.2d 652; McAfee v. Travis Gas Corporation, Tex.Sup., 153 S. W.2d 442.

It is obvious that without the proposed testimony before the jury the Stones were without any evidence to support their contentions. This was admitted to the court by counsel for the Stones at the time the ruling was made; hence the judgment against them. We believe the court committed reversible error in excluding the testimony; but that it should have been heard and considered by the jury. By the ruling of the court an ex parte affidavit made by Jerome S. Stone in connection with the transaction was likewise excluded; in this we think the ruling was correct. Also certain correspondence between the Stones and Fitts was excluded. Parts of that correspondence was admissible under the general rules of evidence and other parts were not, but upon another trial the court will no doubt adhere to the proper rule and admit such as is admissible and exclude that which is not.

In view of another trial we deem it pertinent here to state that we note it is contended by counsel for Fitts that the contract between the Stones and Mrs. Kuteman, whereby they obligated themselves that neither would sell or otherwise dispose of their respective interests in the lands owned jointly by them for a period of two years, was void. Citing in support of the point such cases by the Supreme Court as Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940; Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; Seay v. Cockrell, 102 Tex. 280, 115 S.W. 1160; and Sprinkle v. Leslie, 36 Tex.Civ.App. 356, 81 S.W. 1018, writ refused. In those cases provisions of wills were under consideration and the principles there involved would not be controlling here. It is easy to perceive why joint owners of land, as in the instant case, could have a mutual interest in determining who should own property with them during a comparatively short period of time. This is especially true in cases like this, where they jointly owned more than 40,000 acres and desired that their joint interests be kept intact during the limited period to accomplish the purposes set out in the contract. If either should carve out and dispose of her interest in parts of the extensive land holdings, the whole purpose and scheme set out in the contract would be thwarted. Then, too, it is not at all improbable that a desire on the part of Mrs. Stone to keep in effect the contract entered into between her and her mother was a motivating cause for pursuing the course alleged by her in connection with agreeing that Fitts could accept a conveyance from her mother of the undivided interest provided he would take it in trust for her until she could repay him his fee. This she appears to have offered to do within a week after he took the conveyance.

For the reason shown, we believe reversible error was committed by the trial court in excluding the testimony of the Stones, above referred to, and instructing a verdict for Fitts. The judgment will be reversed and the cause remanded for another trial, conforming to the conclusions herein expressed. It is so ordered.