No. 2517.

## J. P. BARNETT *v.* HARVEY VINCENT ET AL.

1. EQUITY—PURCHASER AT EXECUTION SALE.—A purchaser at execution sale, who, being the owner of the judgment under which land is sold, credits his bid on the execution, takes the land charged with all the equities to which it is subject. Though the judgment debtor was the apparent owner when the debt was contracted and the judgment was rendered, such purchaser would acquire no title by his purchase as against a claimant in possession who had paid purchase money and made valuable improvements under a parol contract. The beneficiary in the trust had in this case taken possession, made improvements, had been in possession for ten years, and was in possession when the land was sold under execution, and when the credit for the debt on which the judgment was rendered was extended.

APPEAL from Grimes. Tried below before the Hon. Norman G. Kittrell.

*J. Earl Preston,* for appellant: The appellees are estopped from denying title in their father, Robert Vincent, to the land involved in this cause, because they knowingly permitted their father to incur the debt in favor of appellant (part of which was for their benefit), on the faith of the land without objection and for which debt the land was attached and sold and bought by appellant under foreclosure of the attachment lien. (Herman. Law of Estoppel, p. 415, secs. 414, 416, 417; Williams v. Chandler, 25 Texas, 4; Love v. Barber, 17 Texas, 312; Dunham v. Chatham, 21 Texas, 231; Grooms v. Rust, 27 Texas, 231; Ragsdale v. Gohlke, 36 Texas, 286; Johnson v. Byler, 38 Texas, 606; P. M. Ins. Co. v. Lyons, 38 Texas, 253; Halden v. McLaury, 60 Texas, 228; Garahy v. Bayley & Co., 25 Texas Supp., 295; Humphries v. Freeman, 22 Texas, 45; Bump on Fraudulent Conveyances, pp. 70, 71; Babcock v. Ecker, 24 New York, 623; Potter v. McDowell, 31 Missouri, 62; Laad, Administrator, v. Brown, 2 Southwestern Reporter, 120, Kentucky; Yankey et al. v. Sweeny, 2 Southwestern Reporter, 559, Kentucky; Robinson v. Frankel, 3 Southwestern Reporter, 652, Tennessee.)

*W. W. Meacham,* for appellees: Cited Lehmberg v. Biberstein, 51 Texas, 457; Woodson v. Collins & Douglass, 56 Texas,

175; Hawley v. Bullock, 29 Texas, 222; McKamy v. Thorp, 61 Texas, 648; McBride v. Banguss, 65 Texas, 174; Harris v. Seisheimer, 67 Texas, 357; Bailey v. Harris, 19 Texas, 108.

WILLIE, CHIEF JUSTICE. The appellant brought suit against Robert Vincent upon a promissory note, executed by the latter, February 18, 1884, and had an attachment levied on fifty acres of land, and at the sale of the land, under the judgment obtained in the suit, bought it, crediting the purchase money upon the execution. Appellant then instituted this action of trespass to try title for a recovery of the land against the appellees, who were in possession. The appellee's claim to the land is substantially as follows:

In January, 1871, Robert Vincent and Sawney Williams bought of Robert Lockhart five hundred acres of land, paying in cash one thousand dollars and giving notes for the balance of the purchase money, about four thousand dollars. Robert Vincent and Sawney Williams were brothers-in-law, and the former had two and the latter three children. Gif Williams, son of Sawney, married Maria, a daughter of Robert, in 1871. Lockhart retained a vendor's lien for the unpaid purchase money, and one Barker loaned the purchasers one thousand dollars they paid in cash. The land, when bought, was unimproved, but the purchasers placed tenants upon it to clear it up, and soon thereafter moved upon it themselves, and have ever since resided upon the land. It was the understanding between Williams and Vincent and their children, made known at the time, that they were to live together upon the land and use their joint earnings to pay for it. Also that when paid for, each child should have fifty acres of land set apart to him by metes and bounds. When they went on the land each party selected a place to settle and build upon it, the defendant, Gif Williams, building in 1871 on the land selected for his wife, but he afterwards moved upon another tract selected for himself. The Lockhart debt was paid in 1876, and the Barker debt in 1883, all contributing their individual means toward its payment.

On January 14, 1879, Sawney Williams made a deed to Gif Williams of one hundred and fifty acres of the land, reserving the right of possession during life; and on August 18, 1882, Robert Vincent made a deed to Maria Williams for fifty acres of the land, for a home, to revert to the grantee on breach of certain conditions. This latter deed was filed for record Octo-

ber 14, 1882. Sawney Williams and Robert Vincent, having previously divided the five hundred acres between themselves, on December 18, 1883, the former deeded to Gif Williams fifty acres, and the latter to his daughter, Maria Williams, fifty acres, and to his son fifty acres also; and each a like quantity to his other children, the deeds describing the land according to a previous survey made by one Berkley, and each party's survey including the land and improvements occupied by him. These deeds were recorded December 20, 1883. Harvey Vincent and Gif Williams lived on the land set apart and afterward deeded to them with their families continually from 1871 to the beginning of this suit, clearing and opening their farms at a heavy expense.

The note upon which the attachment was sued out, under which appellant claims, was given for the balance due on open account for supplies furnished by Barnett to the elder Williams and Vincent, for themselves and their sons and daughters and their families during the course of several years, ending in 1882 or 1883. The purchases were made with the understanding that such supplies should be charged to the elder Williams and Vincent. Upon this state of facts the cause was submitted below to the judge, who placed his conclusions of law and fact in the record, and rendered judgment for the appellees. Barnett appealed.

The appellant having credited the purchase money of the land upon his execution, took the land charged with all the equities of the appellees, and subject to the same. (McKamy v. Thorp, 61 Texas, 648.) The equities of the appellees were these: The land had been bought in the name of their parents, for the benefit of the appellees as well as of the nominal purchasers. It was paid for as well with the means of the appellees as of their parents and the other parties interested. This made the parties in whose names the land was bought trustees for the benefit of the appellees to the extent of the land intended for them, and for which they paid. This trust was not within the statute of frauds, and it was not necessary, therefore, that it should be in writing. (James v. Fulcrod, 5 Texas, 512.)

The interest intended for each of the appellees was set apart to him, and he settled thereon and improved it, and continued to reside on and cultivate this portion of land for more than ten years before the commencement of this suit. Under this state of facts the appellees were entitled to demand of their

parents specific performance of the contract under which they purchased the lands; and were also entitled to hold it against them under the statute of limitation of ten years. As against the parties in whose names the land was bought, the appellees had a good title, and of this their possession put all others on notice.

As a mere purchaser at execution sale, of the land or the property of Robert Vincent and Sawney Williams, appellant acquired no better title than was held by the defendants in execution, which, as we have seen, amounted to nothing. But he claims that the land was conveyed to the appellees by the defendants in execution in 1883, after the debt which formed the basis of the attachment suit had accrued, and that the conveyance was in fraud of his rights as a creditor. But the conveyances of 1883 were made in pursuance of the previous contract of the parties. It was a conveyance of the legal title to those who already held the equitable, and could compel the conveyance they received. It was a conveyance to those who were already entitled to hold the land against the grantees, whose title, so far from having its beginning in the deed, was good without it—the only object of the deed being to furnish the best evidence of its existence. A vendor can not commit a fraud in making a deed to a grantee to whom the land already belongs. He parts with nothing subject to the payment of his debts.

It is not very clear as to the time at which the balance of account for which the note was given accrued, but it did not antedate the title of appellees; for that commenced with the contract of purchase, or at least with their first possession of the lands upon which they settled.

The conveyance from Robert Vincent and Sawney Williams to the appellees was not a voluntary conveyance; and, even had there been fraud on the part of the grantors, it could not have affected the grantees' title, as they did not participate in the fraud. They were receiving the evidence of their own title, and not acquiring property of another.

Nor do we think that the appellees allowed the elder Vincent to obtain credit on faith of owning the land in controversy. They had no reason to suppose that the credit was extended, wholly or in part, on account of the land. They were in possession of it, notoriously claiming it, and it was the duty of the appellant to make inquiry as to their title before giving credit to the persons in whom the legal title was vested. They were

authorized to conclude that he had made the inquiry, and had satisfied himself as to the state of the title. The appellant had had an account with their fathers for years, and had received large payments from them, and the appellees were authorized to believe that for this reason they still obtained credit for their purchases. We think the court could but come to the conclusion that the appellant acquired no title to the land under the execution sale.

The brief of appellants raises some questions of evidence; but it is sufficient to dispose of the two first to say that, if the testimony was improperly admitted, the appellant was not prejudiced, as the same facts were proved by other witnesses and were uncontradicted, and the cause was tried by the court without a jury.

The account of the dealings between the appellant and Robert Vincent and Sawney Williams was admissible, because it tended to show that credit to a large amount had been extended by the former to the latter during a long series of years, and large payments had been made upon the account, thus rebutting in some degree any presumption of fraud on the part of the debtors. It also tended to fix the date when the items for which the note was given accrued, and thus show whether the title of the appellees was prior or subsequent to them in date. If admissible for these purposes, the action of the court was harmless error, as the account in nowise prejudiced the plaintiff's case. There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered February 10, 1888.