**RILEY v. CHANDLER et ux.    (No. 1053.)**

(Court of Civil Appeals of Texas. El Paso. April 1, 1920.)

1. **Trusts** ⬤⟜44(1)—**Evidence held to establish promise by judgment creditor to give debtor extended period for redemption.**

In a suit by judgment debtor, who asserted that on the creditor's promise to allow an additional period for redemption the debtor waived his right to have the land sold in small parcels and that as a result of the agreement there was no competitive bidding, evidence *held* sufficient to sustain the jury's finding of such promise and the creation of a parol trust.

2. **Trusts** ⬤⟜17, 18(6)—**Statute of frauds inapplicable to parol trust.**

The statute of frauds does not apply to a parol express trust, and hence a judgment creditor, who promised to allow the debtor time to redeem and as result of the promise obtained the property without competitive bids, etc., cannot defeat the debtor's action on the ground that the agreement to allow redemption was not written.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Suit by R. F. Chandler and wife against John Riley. From a judgment for plaintiffs, defendant appeals. Affirmed.

McKenzie & Loose, of El Paso, J. W. Young, of Crockett, and A. B. Geppert, of Teague, for appellant.

R. L. Williford, of Fairfield, and Adams & Stennis, of Dallas, for appellees.

HARPER, C. J. This suit was brought by R. F. Chandler and wife against John Riley and his tenants, W. O. Dawson, B. R. Dawson, A. D. Nevills, Ed Patten, John Christian, and O. E. Johnson, for title and possession of certain described lands. This is the second appeal of this case; the former being to the Court of Civil Appeals at Dallas. The opinion rendered by that court (210 S. W. 716) is the law of the case, and the contentions of the parties are clearly and fully stated there, to which we refer.

As to the points raised upon this appeal the following statement of the basis of this action as pleaded by appellees will suffice:

Mary Young and John Riley, the latter appellant here, each obtained judgment against appellees, Chandler and wife, with foreclosure of liens. Orders of sale were issued upon both judgments. The lands described were levied upon and posted according to the respective decrees. In order that the lands might sell to the greatest advantage, the plaintiffs, prior to the date for the sale, caused the lands to be surveyed into 23 tracts of not less than 50 acres each by the county surveyor of the county, who prepared plats and field notes and placed them in the hands of the sheriff, with the request that the lands be sold according to the plats, one at a time, in the order designated; that a few minutes before the sale it was agreed between the parties that if plaintiff would withdraw the request to sell in small tracts, and allow the sale to be made in bulk, Riley would give appellees 30 days in which to pay the amount due on the judgments and take the lands back; that the plats were withdrawn, and the lands were sold in bulk for $8,600, whereas it was worth $30,000; that as a result of this agreement there were no competitive bids, and but for which a sufficient sum of money to pay the debts would have been realized from the sale of 1,000 acres; that he secured a loan of the necessary money to redeem the land, but defendant, Riley, refused to make the transfer and has retained the rents and pasturage for the years 1916, 1917, and 1918, and converted them to his own use, the value of which they sue for.

The defendant, Riley, answered by general and special exceptions, general denial, and specially alleged that the amount of the judgment, interest, attorneys' fees, etc., to date of answer is $13,229; that he had made improvements upon the land to the sum of $7,564, and paid $145 taxes, and asked, in case his title to the land be canceled in favor of plaintiff, that he (plaintiff) be required to pay said sum of money; denied that any plat of the lands was made by the county surveyor; admitted that he had granted plaintiff time, but that plaintiff did not pay nor offer to pay within the time agreed upon, and that time was of the essence thereof; that all such agreements were without consideration and void, not in writing, and violated the statute of frauds.

The cause was tried with a jury, submitted upon special issues, and upon their verdict, judgment was entered, vesting title in appellees, conditioned upon the payment of $13,138.30 from which this appeal.

[1] The first assignment is "that the evidence is not sufficient to show a parol trust; that under the law and decisions, before a parol trust can be held to exist, the evidence must be clear and certain"—submitted as a proposition. We think there is sufficient affirmative evidence to support the findings of the jury.

[2] The second is that, the verdict of the jury being to the effect that the extension of time of 60 days, within which to redeem, was in consideration of 1916 rents, and that being the case, an agreement to convey real estate, even though based upon a consideration, must be in writing. As held above, the facts of this case show a parol express trust; therefore not within the statute of frauds. Holland v. Farthing, 2 Tex. Civ. App. 155,

⬤⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

21 S. W. 67; Lester v. Hutson, 167 S. W. 321.

The third reads:

"The verdict of the jury, in answering the question relative to the amount of rents received and value of the pasture, has no evidence to support same, because the evidence of this defendant did not show such an amount, but showed the total cotton rents for 1916 was $950; cotton rents for 1917, $1,750; cotton rents for 1918, $1,750; corn rents for 1917, $625; corn rents for 1918, $400; and pasturage for 1916, 1917, 1918, $200 each year; corn rents for 1918, $400; corn rents for 1917, $625. Total, $6,399. That the testimony of John Riley, with reference to the amount of rents received, shows a greater amount than the testimony of the only other witness who testified for plaintiff.

"Appellant's Proposition.

"The verdict of the jury must be based upon some evidence, and any judgment based upon such a verdict cannot stand."

It is doubtful if there is any definite error pointed out by this assignment and proposition; but, if they mean that there is no evidence to support the judgment of the trial court in the amount decreed should be paid by appellees to appellant as a prerequisite to title in them, then we are of the opinion that it is not well taken, but find abundant evidence to support it.

Finding no error in the record, the cause is affirmed.