## BUTLER v. BUTLER et al.
### No. 5678.

Court of Civil Appeals of Texas. Texarkana.

Oct. 24, 1940.

Rehearing Denied Nov. 14, 1940.

Jones & Jones, of Mineola, for appellant.

J. B. Morgan and Mayo W. Neyland, both of Greenville, for appellees.

WILLIAMS, Justice.

The three tracts of land in controversy, aggregating 185 acres, were sold in August, 1927, to a Mrs. King for $134.73 under an order of sale issued out of a judgment for delinquent taxes obtained by the State against R. P. Butler. This land was the community property of R. P. and Jane Butler. On February 13, 1929, within the two years statutory period of time for redemption of land sold for taxes, Mrs. King was paid $269.46 and she by deed conveyed the three tracts to S. D. Butler, defendant below. Under the terms of a judgment dated December 11, 1934, between S. D. Butler and his father, R. P. Butler, S. D. Butler was awarded title to the three tracts subject to a life estate in favor of the father in an 80-acre tract. Jane Butler died in the spring of 1938 in an asylum where she had been confined for thirty years. No administration was had or was necessary upon her estate. Mrs. Della Casey, a daughter, and other heirs, being six of the seven children of R. P. and Jane Butler, joined by the father, as plaintiffs, filed suit in November, 1938, against S. D. Butler, the other child. Plaintiffs and defendants both introduced in evidence in support of their respective claims the original tax judgment and deed out of Mrs. King. Neither attacks the validity or regularity of the tax judgment or sale thereunder.

Plaintiffs alleged and offered evidence in support thereof that the three tracts were acquired by defendant from Mrs. King and title taken in his name pursuant to an agreement previously entered into between them and defendant. That under this agreement some of the plaintiffs were to and did contribute funds to redeem the property; some were to and did contribute labor for repairs; and defendant was to receive the rents and revenue from the property out of which he should pay taxes and upkeep and apply the balance to the amount he would advance to redeem the land; and when so reimbursed defendant was to reconvey to plaintiffs their respective interests. Plaintiffs alleged that defendant had been reimbursed, and prayed that he be compelled to carry out this alleged trust agreement, for recovery of their interest in the land, and for adjustment of equities. We deem it unnecessary to detail other allegations or relief prayed for by plaintiffs.

Defendant answered with general demurrer, denial and plea of not guilty. He further urged the 4, 5, and 10 years statutes of limitation in bar. He specially pleaded title to the whole under the deed out of Mrs. King and alleged payment of $1,100 in taxes. He sought recovery of the whole, and in the alternative for 8/14 undivided interest and judgment for the taxes paid by him with foreclosure of lien.

In response to special issues the jury found: (1) Defendant took title from Mrs. King, pursuant to a previous agreement that he would hold title to the same in trust, until such time as the revenues therefrom would reimburse him for the money paid to Mrs. King and such other sums as he might pay for taxes and upkeep, and would then reconvey to plaintiffs; (2) he had expended, including the money paid to Mrs. King, the sum of $1,050.82; (3) he had received in rents and revenues from the property $931; (4) Mrs. Casey paid $100 to defendant on February 7, 1929, under agreement that it was to be expended in part payment on redemption of the property; (5) after defendant had taken title he obtained a $300 loan, secured by a lien on the property, proceeds of which were expended for taxes and repairs. Other issues dealt with labor performed by some of the plaintiffs on the property in the total of $85. The judgment awarded plaintiffs, except R. P. Butler, a 6/7 and defendant a 1/7 undivided interest in the property subject to a life estate in favor of R. P. Butler in the 80-acre tract. The decree further adjusted equities and liens among the litigants. Plaintiff R. P. Butler makes no complaint as to either judgment above discussed. There are no cross assignments of error.

■ Defendant's first proposition is based upon his motion for an instructed verdict under which he asserts that there is no legal testimony adduced upon the

trial to establish any kind or character of trust agreement. If defendant acquired title to the property from Mrs. King pursuant to the alleged agreement as pleaded and found by the jury, a trust relationship upon such terms arose in favor of plaintiffs upon defendant's acquisition of the property. Gardner v. Randell, 70 Tex. 453, 7 S.W. 781; Barnett v. Vincent, 69 Tex. 685, 7 S.W. 525, 5 Am.St.Rep. 98; Neyland v. Bendy, 69 Tex. 711; 7 S.W. 497, 498, 500; Chandler v. Riley, Tex.Civ.App., 210 S.W. 716; 42 T.J. 616, Sec. 15.

■ The jury finding that defendant took title pursuant to the alleged agreement as pleaded is not without support in the evidence. This property which defendant admits was worth $4,000 passed under the deed into him for $269.46. It is without controversy that some of the litigants met and discussed the redemption of the property, and that Mrs. Casey paid to defendant $100. Some of the plaintiffs continued to live on the property. Some of them made repairs and defendant paid for the material. Defendant denies that he made the agreement, and contends that the $100 paid by Mrs. Casey was a loan to him. His receipt to her reads: "This is to certify that I, S. D. Butler, received $100 on part payment for delinquent taxes on our father's estate, which will bear interest at * * *." This receipt is dated February 7, 1929, some few days prior to date of the deed into defendant. Some few months prior to filing suit defendant wrote in a letter to one of the heirs, "I know the understanding we had when you met me at home when I bought the place in and Sam and Bunch knows * * *". "Knowing, too, that I had granted you all the privilege of paying me the balance to equalize your part that I was out in gaining said lands. I were to deed you all your equal parts." This evidence would not warrant this court to disturb such jury finding.

■ Defendant placed in evidence the above-mentioned 1934 judgment, which recites that he as plaintiff in that suit and R. P. Butler as defendant appeared in person and announced that they had agreed upon the judgment to be there entered. Upon this agreement a decree was entered which awarded to S. D. Butler the three tracts subject to a life estate in an 80-acre tract in favor of the father. Defendant asserts that he recovered a 7/14 interest under this judgment. Defendant testified that the suit against his father was based on the tax judgment, and that he filed the suit because his father attempted to sell a part of the land. This is the only evidence in explanation of the suit. Only this son and the father were parties. Mrs. Casey had been living on the land and then resided on it at the time this judgment was entered. Third parties testified to conversation in which defendant stated at that time: "When I get my money back out of the land we will divide it equally." The jury found that defendant took title from Mrs. King impressed with the trust above discussed. So what rights, interest or equities, if any, S. D. Butler may have acquired under the 1934 judgment, the same inured to the benefit of S. D. Butler as trustee for that of the cestui que trust. 26 R.C.L. Sec. 189, pp. 1325, 1326; 65 C.J. p. 656, Sec. 521; 65 C.J. p. 653; Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545, 62 A.L.R. 1; 3 Bogert Trusts and Trustees, § 543.

■ Defendant further asserts that if the testimony adduced be sufficient to impress a trust on this property, the terms thereof have not been fulfilled in that he has not been reimbursed for all his expenditures with interest. Defendant does not complain of the jury's finding that he paid out, including that to Mrs. King, a total of $1,050.82. Defendant advances detailed figures and calculations in his claim that he received only $750 from the tenants instead of $931 as found by the jury. A counter proposition also details from the evidence figures to support the finding of $931. The evidence presented a question of fact and the finding will not be disturbed. It is to be observed from this record that Mrs. Casey advanced to defendant $100, as found by the jury, and this $100 was a part of the $1,050,82. Further, defendant executed a lien on this property and obtained a $300 loan which he used for taxes and repairs, and this $300 was a part of the $1,050.82. These items of $100 and $300 when deducted from the $1,050.82 leave $650.82, which is substantially less than his receipts. A charge to defendant of 6% interest per annum on amounts received, when calculated would more than offset an allowance to him at the same rate of interest on his payments.

Other propositions which complain of argument of counsel have been considered and are respectfully overruled. When counsel told the jury that defendant had urged the statutes of limitation against his brothers and sisters he did not impart to the jury any information they had not already learned from the pleadings read to them and the evidence offered in support thereof. Evidence had been heard as to the value of the land, the improvements and its yield. Counsel's remarks were his own deductions from this evidence as to its value. Argument that the $100 paid in by Mrs. Casey had come from the sale of chickens, eggs and butter was not an unreasonable observation from the evidence given by her. The jury could tell from her appearance that she was an aged lady and a farmer's wife. They heard her testify about her farm operations. She testified when she handed the $100 to defendant it was all the money she had.

It is to be noted that defendant entered a general denial and plea of not guilty. In addition he moved for an instructed verdict. The costs were properly taxed against defendant. Johnson v. Johnson, Tex.Civ.App., 191 S.W. 366, 368; Edds v. Edds, Tex.Civ.App., 282 S.W. 638; R.C.S. Article 2056.

The judgment is affirmed.