## VICARS et ux. v. QUINN.

**No. 4121.**

Court of Civil Appeals of Texas. El Paso.

Oct. 2, 1941.

H. B. Galbraith, of Brownsville, for appellants.

H. L. Faulk, of Brownsville, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Cameron County. Plaintiff, Mrs. Bertie M. Quinn, recovered a judgment against Fred Carl Vicars and wife, as defendants, for an undivided one-

half interest in a tract of land in Cameron County containing about twenty-five acres. The judgment partitioned the land between plaintiff and defendants. Defendant Fred Carl Vicars duly perfected this appeal from the judgment rendered.

The parties will be here designated as they were in the trial court.

Plaintiff's petition was in two counts, one in trespass to try title, the other count alleging in substance that on May 22, 1940, Fred Martin was the owner of 25.82 acres, the land in controversy, which was then of the value of $3,000, and offered to sell same to her for $300 on account of his friendship for her; that thereupon plaintiff entered into a contract and agreement with defendant, who was her son, that they would purchase the land as joint venturers and tenants in common; that the defendant obtained a loan from his wife's grandfather, J. M. Passmore, to pay for the land; that the defendant explained to plaintiff that in order to handle the loan papers it was necessary that the property be conveyed to him alone, but that she would own one-half interest in the land; that after the transaction was completed defendant failed to recognize her interest in the land subject to the $300 debt owing to J. M. Passmore and evidenced by notes executed by the defendant; further, that there existed an express agreement, but if not an express agreement, an implied agreement, by which the plaintiff and defendant would undertake to purchase the said land as joint venturers and tenants in common, each to pay one-half of the purchase price, and that the defendant hold the title to one-half interest in the land in trust for the benefit of plaintiff.

Defendant's answer to the merits was a general denial, plea of not guilty, and the statute of fraud.

The trial was before a court and jury. One issue was submitted, which was as follows: "Do you find from a preponderance of the evidence that at the time of the execution and delivery of the deed covering the land in controversy, on May 23, 1940, there existed an oral agreement between the plaintiff, Mrs. Bertie M. Quinn, and the defendants, made and entered into by said parties at that time or shortly before, to the effect that the title to said land then being purchased through the loan being made by J. M. Passmore, was to be taken in the name of Carl Vicars for the joint benefit of the plaintiff on the one hand and the defendants on the other, in equal undivided interests?" To this special issue the jury answered "Yes."

Defendant on this appeal has briefed two propositions.

The first proposition is as follows: "To create a trust in the land in controversy in favor of plaintiff, it is indispensable that there was a contract between her and appellant, sustained by a valid certain consideration, definite in its terms, as to time, method, and proportion of payment."

The second proposition which is briefed we think is in substance the same as the first.

Within the two propositions urged we think presented thereby is the question as to whether the evidence was sufficient to show that at or just prior to the passage of the legal title to defendant there was a definite and enforceable contract that plaintiff should pay to defendant one-half of the amount of the three notes aggregating $300 executed by defendant as consideration for the conveyance of the land.

This property was conveyed to the defendant by Fred Martin on May 23, 1940, the consideration was ten dollars cash, one note for the sum of $100, due on or before May 23, 1941, a second for $100, due May 23, 1942, and a third for a like sum due May 23, 1943. These notes were payable to J. M. Passmore, and a lien was retained in favor of Passmore to secure their payment. Passmore was the grandfather of the defendant's wife. Immediately prior to the execution of this deed there were many conferences participated in by plaintiff and defendant and Fred Martin, the grantor in the deed. Beyond any question plaintiff desired to have a one-half interest in the land, and both she and the defendant were anxious to obtain the money necessary to acquire the land; further that immediately before the execution of the deed by Martin it was contemplated that they jointly purchase the land from Martin. The issue submitted to the jury arose upon conflicting testimony. The evidence is ample to sustain the finding of the jury thereon. This issue, in our opinion, submits almost if not all of the constituent elements of a trust. If one agrees to advance the consideration to acquire property in his own name for the benefit of another and the conveyance of the legal title is made to him in accordance with such agreement, a trust arises

if the beneficiary is legally bound to repay the money advanced to purchase the property. Gardner v. Randell, 70 Tex. 453, 7 S.W. 781; Barnett v. Vincent, 69 Tex. 685, 7 S.W. 525, 5 Am.St.Rep. 98; Neyland v. Bendy, 69 Tex. 711, 7 S.W. 497; Chandler v. Riley, Tex.Civ.App., 210 S.W. 716; Butler v. Butler, Tex.Civ.App., 144 S.W. 2d 956.

In case the agreement is that one acquiring property with his own funds and thereafter sells to another, no trust arises, and such is the case whether the contract is to convey an existing interest in real estate. Allen v. Allen, 101 Tex. 362, 107 S.W. 528.

Where the one asserting the trust at the moment of the conveyance is legally bound to the one acquiring the legal title to repay the money advanced, the purchase is, in the last analysis, with the fund of the beneficiary. It has been frequently held that such a trust may be proved by parol. Miller v. Thatcher, 9 Tex. 482, 60 Am.Dec. 172; Bailey v. Harris, 19 Tex. 108, 109; Leakey v. Gunter, 25 Tex. 400; Holland v. Farthing, 2 Tex.Civ.App. 155, 21 S.W. 67; Landrum v. Landrum, 62 Tex. Civ.App. 43, 130 S.W. 907.

Plaintiff advanced no money to acquire this property. Defendant pledged his credit in the acquisition thereof. If plaintiff was legally bound to pay him one-half the notes, and he, at or immediately before the passing of title, agreed with her that he would hold same in trust for her, in our opinion, a trust is established. In principle there would be, in our opinion, no distinction between such a case and a case where she had handed him one hundred and fifty dollars to acquire for her and hold in trust a one-half interest in the property.

As we have stated, if the sole issue was in any way defective, and no objection was urged by defendant to same, it lies in not directly submitting the issue as to whether there was an express contract that plaintiff should pay to defendant one-half of the notes given by defendant for the acquisition of the land. We think from the facts submitted in the issue and found such an obligation was a fair implication. The evidence was ample to sustain a finding that there was such an express agreement on the part of the plaintiff. In our opinion the issue, with the attributed finding to the trial court, is sufficient to sustain the judgment rendered. Plaintiff's obligation was to pay to defendant one-half of such notes as same matured. To secure the performance of such obligation defendant has an equitable lien on the property awarded to her by the decree of partition. This is in substance and effect the trial court's decree. When defendant repudiated the trust upon which he held the property, a cause of action arose in her behalf. The defendant has failed to demonstrate that there is reversible error in the case.

It is ordered that the judgment be affirmed.