Mrs. Georgia L. Jones HAMMETT, Jr., et vir, Appellants,

v.

Mrs. Agnes McINTIRE et vir, Appellees.

No. 13977.

Court of Civil Appeals of Texas.

Houston.

Nov. 29, 1962.

Rehearing Denied March 28, 1963.

Herbert Finkelstein, Houston, for appellants.

Bernard Kay and Robert L. Jones, Houston, for appellees.

BELL, Chief Justice.

Appellees sued appellants to establish and foreclose a judgment lien against the East 60 feet of Lot Two in Block H of Houston Acreage Estates, an Addition in the City of Houston. On trial to a jury, the jury answered issues favorably to appellants, but the trial court, on appellees' motion, rendered judgment non obstante veredicto in favor of appellees establishing and foreclosing the judgment lien.

The pleadings of appellees and the evidence show that appellees obtained a judgment against a man named Frank Munger in the amount of $6,997.66 and interest from the date of judgment, which was November 23, 1951. On June 2, 1952 an abstract of the judgment was duly filed in the Judgment

Records of Harris County. On such dates the legal title to the above property as shown by the Deed Records of Harris County was in Frank Munger.

On the basis of the above, appellees assert their judgment lien, they alleging, and it being shown, that they had no notice of a prior deed from Munger to the appellant, Georgia L. Jones Hammett, which was dated November 15, 1949. It was not filed for record, however, until February 15, 1958.

The appellants in their answer, after asserting a general denial, alleged facts, which if true, showed Mr. Munger merely held legal title for a man named Sanford Thomas and that Thomas was the beneficiary under a resulting trust. It is appellants' contention that the jury found facts on sufficient evidence that establish a resulting trust in Thomas and since Munger held purely naked legal title to the property he had no interest to which appellees' lien could attach. They allege a transfer in writing from Thomas of his interest. Alternatively, they say that Mrs. Hammett obtained title under the deed from Munger and though the deed was not recorded until subsequent to the recording of appellees' abstract of judgment, appellees were charged with notice of Mrs. Hammett's deed because her father, Mr. Jones, was at all times in possession of the property.

The evidence shows that in 1949 Mr. Jones, father of Mrs. Hammett, was in debt and wished to sell the above property. Sanford Thomas, who worked for Mr. Munger, wanted to buy the property. He was unable to obtain a loan because of the amount of his salary. Thomas asked Mr. Munger to purchase the property for him but in Munger's name and Mr. Munger did so. Mr. Jones conveyed the property to Mr. Munger. Mr. Munger had arranged for a $6,000.00 loan with Campbell Mortgage Company. The deed from Jones to Munger reserved a vendor's lien to secure the payment of the note. The money obtained from the loan was paid to Mr. Jones. The date of the deed from Jones to Munger was October 19, 1949. In addition, Thomas, on November 14, 1949, executed a note to Jones for $2,950.00. There was evidence that Thomas prior to the deed from Jones to Munger agreed with Munger to pay the indebtedness to Campbell Mortgage Company though Munger was the only maker of the note. In October, after the deed to Munger, Thomas went into possession of the property and remained in possession for a month or so. He had paid one installment of the note to Campbell Mortgage Company and had paid Mr. Jones $50.00. Sometime in November, just when is not clear, Mr. Thomas became dissatisfied or decided he could not handle the purchase, and moved off the property. He delivered possession to Mr. Jones and told Mr. Jones to get a deed from Mr. Munger. Mr. Jones then had Mr. Munger convey the property to Jones' daughter, Mrs. Hammett. The deed was dated November 15, 1949. Jones says he had the deed made to his daughter because he owed her $650.00. Thereafter Jones paid the balance owing Campbell Mortgage Company as it fell due.

The jury found as follows:

1. The purchase price was paid Jones by Munger with the funds borrowed from the Mortgage Company.

2. That Jones did not convey the property to Munger as a gift.

3. That prior to the execution of the deed from Jones to Munger, Thomas obligated himself to pay the full amount of the purchase price.

4. That Munger took title solely for the use and benefit of Thomas.

5. That Jones orally agreed with Mrs. Hammett to pay the mortgage company.

6. That Jones paid the mortgage company $5,950.00.

There were other findings not material to be noticed at this point.

The trial court disregarded the above answers of the jury on the ground

there was no evidence to support them. We are of the view there was evidence to support these answers and that the effect of these answers was to show bare legal title in Munger and equitable title in Sanford Thomas.

If prior to or contemporaneously with the execution of a deed conveying property to one person, another person pays the purchase price *or becomes legally obligated to do so*, and it is agreed that the person to whom the property is conveyed shall hold the title for the use and benefit of the person paying or becoming legally obligated to pay the purchase price, the bare legal title is in the grantee in the deed and equitable title is in the person paying or agreeing to pay the purchase price. The payment of the purchase price or the obligation to pay it must arise prior to or contemporaneously with the execution of the deed. Vicars v. Quinn, 154 S.W.2d 947, C.C.A., no writ hist.; Patrick v. McGaha, 164 S.W.2d 236, C.C.A, no writ hist.; Wright v. Wright, 134 Tex. 82, 132 S.W.2d 847.

It is appellees' position, apparently adopted by the trial court, that the evidence showed nothing more than an agreement that Munger would purchase the property and then convey it to Thomas if and when Thomas paid the notes to Campbell Mortgage Company. If this were true, it would, in law, amount to nothing more than a purchase of the property by Munger with an agreement by him to sell to Thomas. In such a situation there would be no resulting trust. While such a contention finds some support in the evidence, such was not established as a matter of law. Such a conclusion could have been reasonably reached from the evidentiary facts. However, the conclusion the jury reached in its answers was that the conveyance to Munger was solely for the use and benefit of Thomas who had, prior to the execution of the deed from Jones to Munger, become legally obligated to Munger to pay the purchase price. Such a conclusion finds support in the evi-

dence. Before a court may disregard a jury's answer to an issue there must be an absence of any evidence to support the issue. Here different reasonable inferences could be drawn from the evidentiary facts. It is true, as urged by appellants, that Thomas did not actually pay any part of the purchase price until after the deed was executed. This is not necessary if Thomas, before or at the time of the deed, became legally obligated to pay it and the grantee agrees to take title for Thomas. There is evidence to support the conclusion that this is what occurred. This case is precisely the same as Vicars v. Quinn, supra.

It follows that the court erred in disregarding the jury's answers to the above issues. It also follows from the facts found by the jury that Munger at all times held bare legal title and the beneficial estate was in Sanford Thomas.

Appellees' judgment is against Munger. When the abstract of the judgment was filed it fixed a lien only on such interest as Munger had. However, he had bare legal title. The beneficial interest was in Thomas. Appellees' lien would not attach to Thomas' interest. Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098; Roeser and Pendleton v. Stanolind Oil & Gas Co., 138 S.W.2d 250, C.C.A., writ ref.; Estelle v. Hart, 55 S.W.2d 510, Tex.Com.App.; Broussard Trust v. Perryman, 134 S.W.2d 308, C.C.A., writ ref.

Therefore, appellees have failed to establish the lien against the property, the beneficial interest being in Thomas who delivered possession to appellants.

The above holding makes it unnecessary to discuss whether the possession by Jones gave notice to appellees of the unrecorded deed to appellants from Munger. Suffice it to say we think it did not. Eylar v. Eylar, 60 Tex. 315.

Appellees urge, however, that we may not consider the statement of facts filed because it was not filed within 60 days

after the date of judgment and no good cause is shown for failure to so file. The judgment in the case is dated December 28, 1961. A cash deposit in lieu of bond was made January 9, 1962, and a request for a statement of facts was also made at the time. The transcript was filed in this Court February 26, 1962. Late in the afternoon of February 22 appellants' counsel was notified the statement of facts had been prepared by the reporter. Appellants' counsel obtained it February 23, and on the same day delivered it to appellees' counsel for examination and approval. Appellees' counsel stated he did not then have time to examine and approve the statement and appellants' counsel asked appellees' counsel to examine, approve and return it as promptly as possible. It was not returned to appellants' counsel until March 7 or 8, at which time appellants' counsel agreed to certain corrections suggested by appellees' counsel. All of these facts are made to appear by affidavit filed in this Court on March 12, 1962, in connection with an amended motion for an extension of time within which to file the statement of facts. A motion to extend time to file was filed February 26, but it was not sworn to. The amended motion was filed within 75 days after the date of the judgment. Appellees filed a contest to the motion to extend time for filing. They do not deny any of the facts above set out. They merely assert the facts do not show good cause because an extension under Rule 386, Texas Rules of Civil Procedure, is not necessary for examination and correction of the statement of facts, but a correction of the statement of facts after it has been filed is provided for in Rule 428, T.R.C.P.

We think good cause is shown. A statement of facts before it can be filed must be approved by the attorneys or the court. It cannot be determined to be correct by the attorneys or the court until examined. Appellees' counsel did not approve it until he had examined it and had some corrections made. It was in his possession for examination and approval and was filed here the day it was approved by him. When it was delivered to him he had stated he did not then have time to examine it. He was asked to examine and approve it as promptly as possible.

■ Rule 428, T.R.C.P., is applicable only after a statement of facts which has been approved and signed by the court or counsel has been filed with the Court of Civil Appeals. Under it further corrections of a properly filed statement of facts may be made.

The judgment of the trial court is reversed and judgment on the jury verdict is here rendered that appellees take nothing by their suit against appellants.