**AFFIRM; and Opinion Filed June 6, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01632-CV

### LORRIE JEAN SMITH, Appellant

### V.

### SUMEER HOMES, INC., SCOTT W. RAY, KRISTEN N. RAY, COLONIAL NATIONAL MORTGAGE, A DIVISION OF COLONIAL SAVINGS, F.A., DAVID A. LEUTHOLD, KATHLEEN O. LEUTHOLD, WELLS FARGO BANK, N.A., THOMAS NALL, JINNIFER NALL, PRIMELENDING, A PLAINSCAPITAL COMPANY, AND CAPITAL TITLE OF TEXAS, LLC, Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-06708-K**

## MEMORANDUM OPINION
Before Justices O'Neill, Francis, and Murphy
Opinion by Justice Murphy

Lorrie Jean Smith appeals the trial court's summary judgment granted in favor of appellees, Sumeer Homes, Inc.; Scott and Kristen Ray; Colonial National Mortgage, a division of Colonial Savings, F.A.; David and Kathleen Leuthold; Wells Fargo Bank, N.A.; Thomas and Jinnifer Nall; Primelending, a PlainsCapital Company; and Capital Title of Texas, LLC, in her lawsuit seeking judicial foreclosure of a judgment lien against certain property. We affirm.

## BACKGROUND

The operative facts of this case are undisputed. This case involves real property located in Denton County, Texas—specifically, three lots designated as Lot 35 in Block A and Lots 4 and 8 in Block M of Pearson Farms, a residential neighborhood located in Frisco, Texas (the Property).

### A. Conveyance of the Property

Capital Title served as an escrow agent for two transactions in July 2008 related to the Property. The first transaction was the sale of the Property from homebuilder Landstar Homes of Dallas, Ltd. to Shaddock Builders & Developers, Inc. for $224,250. The second transaction was the sale of the Property from Shaddock to Basin, Ltd. for the same price. The two transactions were funded and closed at the same time in mid-July 2008 and were structured as pass-through transactions. That is, title to the Property was conveyed by Landstar to Shaddock and then immediately conveyed by Shaddock to Basin.

For the first transaction, Shaddock paid the total purchase price for the Property in accordance with the closing statements signed by Landstar and Shaddock. A deed conveying the Property from Landstar to Shaddock was not executed or recorded in Denton County. In the second transaction, Basin paid the total purchase price in accordance with the closing statements. After this transaction, Shaddock conveyed the Property to Basin by special warranty deed, which was recorded on July 14, 2008. Landstar corrected the "oversight" on July 14, 2010 when it executed a special warranty deed related to the Property to Shaddock. That deed was recorded in Denton County on July 16, 2010, with an effective date of July 2, 2008.

Over two years after Basin acquired the Property from Shaddock, Basin executed a special warranty deed conveying Lots 4 and 8 to Sumeer, a homebuilder. That deed was

recorded on August 18, 2010. Basin also executed a second special warranty deed conveying Lot 35 to Sumeer. That deed was recorded on September 24, 2010. Sumeer developed the lots to build residential homes. Sumeer ultimately transferred ownership of Lot 8 to the Nalls, Lot 4 to the Leutholds, and Lot 35 to the Rays in March and April of 2011. Sumeer executed a special warranty deed conveying each respective lot to the Nalls, Leutholds, and Rays (the Homeowners), who in turn, executed a deed of trust relating to their particular property to their respective purchase money lenders, Primelending, Wells Fargo, and Colonial (the Lenders). Each special warranty deed was recorded in Denton County.

**B.  Smith's Judgment Lien and This Lawsuit**

Smith obtained a judgment against Shaddock on May 21, 2010 in the amount of $373,997.69, plus interest. The case styled *Lorrie Jean Smith v. Shaddock Builders & Developers, Inc. a/k/a Sotherby Homes*, Cause No. 296-01683-2008, in the 296th Judicial Court in Collin County, Texas, had no relationship to the Property. Smith recorded an abstract of that judgment in Denton County on July 15, 2010.

Smith filed this lawsuit against appellees a year later seeking judicial foreclosure against the Property. She alleged her judgment lien attached to the Property because Shaddock held unrecorded legal title to the Property at the time and that her lien "primed the interests of all [appellees]" entitling her to an "order of sale" on the three lots. She also alleged claims for slander of title and conspiracy against Sumeer and Capital Title, asserting those parties conspired to slander her title by "back-dating" the deed related to sale of the property from Landstar to Shaddock. She claimed Sumeer recorded the back-dated deed after she recorded her abstract of judgment.

The Homeowners and Lenders moved for summary judgment on Smith's foreclosure claim, arguing the evidence established that equitable title to the Property passed from Shaddock to Basin in July 2008 and, therefore, Smith's judgment lien did not attach to the Property. Sumeer and Capital Title each filed a separate motion for summary judgment, also arguing the evidence established Shaddock did not have equitable title to the Property at the time Smith recorded her abstract of judgment. Smith responded to the motions and filed a cross-motion for summary judgment. She argued her judgment lien attached to Shaddock's legal title to the Property, which passed from Landstar to Shaddock by virtue of Landstar's deed. Smith did not move for summary judgment on her claims for slander of title and conspiracy against Sumeer and Capital Title.

After the trial court heard argument on the Homeowners and Lenders' motion, the parties filed a Rule 11 agreement, stating they agreed to be bound by the court's ruling on the Homeowners and Lenders' summary judgment motion. They also agreed that if the trial court granted summary judgment in favor of appellees, Smith would take nothing on her claims and the trial court's order would be a final and appealable order. The trial court signed a final order dated December 19, 2011, granting the motions for summary judgment filed by appellees and denying Smith's summary judgment motion. Smith appealed, arguing in a single issue the trial court erred in granting summary judgment for appellees. She does not appear to challenge the trial court's denial of her summary judgment motion.

## STANDARD OF REVIEW

We review the application of the law to undisputed facts in summary judgments under a de novo standard of review. *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011); *Mid-*

*Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Holloway v. Dekkers*, 380 S.W.3d 315, 319–20 (Tex. App.—Dallas 2012, no pet.). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Holloway*, 380 S.W.3d at 320. The movant has the burden of showing that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994).

## DISCUSSION

A recorded abstract of judgment constitutes a lien on and attaches to "any real property of the defendant" that is located in the county in which the abstract is recorded. TEX. PROP. CODE ANN. § 52.001 (West Supp. 2012). A judgment lien, however, attaches only to the interest in the real property "actually owned" by the judgment debtor, in this case, Shaddock. *See First State Bank of Amarillo v. Jones*, 183 S.W. 874, 876 (Tex. 1916); *Martin v. Cadle Co.*, 133 S.W.3d 897, 906 (Tex. App.—Dallas 2004, pet. denied). Thus, the question presented is whether the evidence established conclusively Shaddock's ownership interest, if any, in the Property at the time Smith recorded her abstract of judgment.

Smith argues Shaddock held "legal title" to the Property at the time she recorded her abstract of judgment. Specifically, she maintains the "ultimate source of title" to the Property was Shaddock and that no title had been conveyed to Shaddock until the deed from the first transaction was executed in July 2010 and recorded on July 16, 2010. She contends that because her abstract of judgment had been recorded the day before the deed was recorded, it

- 5 -

"immediately attached" to Shaddock's legal title to the Property, giving her lien "priority over any interest" held by the subsequent purchasers and their lenders. The law does not support Smith's contentions.

While "legal title" to property evidences apparent ownership, it "does not necessarily signify full and complete title or a beneficial interest." *Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied). Rather, it is the "[o]wnership of the equitable estate [that] is the real ownership, and the legal estate is no more than the 'shadow following the equitable estate,' which is the substance . . . ." *Neeley v. Intercity Mgmt. Corp.*, 623 S.W.2d 942, 951 (Tex. App.—Houston [1st Dist.] 1981, no writ) (quoting *Patty v. Middleton*, 17 S.W. 909, 912 (Tex. 1891)).

A purchaser receives equitable title in property when he pays the purchase price and fully satisfies the obligations under the contract of sale. *See Johnson v. Wood*, 157 S.W.2d 146, 148 (Tex. 1941); *Cadle Co. v. Harvey*, 46 S.W.3d 282, 287–88 (Tex. App.—Fort Worth 2001, pet. denied); *see also Yarto v. Gilliland*, 287 S.W.3d 83, 89–90 (Tex. App.—Corpus Christi 2009, no pet.). "Equitable title" indicates a beneficial interest in property and "gives the holder the right to acquire formal legal title." *Longoria*, 292 S.W.3d at 165. It is vested in the purchaser from the date of the contract to convey real property or from the date he takes possession of the property. *See Cadle Co.*, 46 S.W.3d at 287 (citing *Leeson v. City of Houston*, 243 S.W. 485, 488–90 (Tex. Comm'n App. 1922, judgm't adopted)).

In considering a creditor's judgment lien, equitable rights vested in third persons will be protected against the legal lien, which is limited to the actual interest that the judgment debtor has in the estate. *Id.*; *Gaona v. Gonzales*, 997 S.W.2d 784, 787 (Tex. App.—Austin 1999, no pet.); *see also First State Bank of Amarillo*, 183 S.W. at 876. Equitable title is superior to legal

title and may be asserted as a complete defense against the lien of a debtor's judgment creditor. *Cadle Co.*, 46 S.W.3d at 287; *see also Tex. Am. Bank/Levelland v. Resendez*, 706 S.W.2d 343, 346–47 (Tex. App.—Amarillo 1986, no writ); *Hammett v. McIntire*, 365 S.W.2d 844, 847 (Tex. Civ. App.—Houston 1962, writ ref'd n.r.e.) (holding abstract of judgment against holder of legal title does not attach to equitable title).

The summary-judgment evidence shows there were two transactions related to the Property that occurred in mid-July 2008. In the first transaction, Shaddock paid the total purchase price of the Property to Landstar in accordance with the closing documents; in the second transaction, Basin paid the total purchase price of the Property to Shaddock in accordance with the closing documents for that transaction. There is no dispute the parties fully performed their obligations under the contracts to convey the Property and that these transactions were conducted simultaneously. Therefore, as a result of the two transactions, equitable title to the Property passed from Landstar to Shaddock and then from Shaddock to Basin; such title remained with Basin until August and September 2010 when it sold the lots to Sumeer. *See Cadle Co.*, 46 S.W.3d at 287–88 (purchaser receives equitable title when he fully performs the contract). Equitable title then passed from Sumeer to the Homeowners and Lenders when Sumeer later developed and sold the lots in March and April 2011. Thus, when Smith recorded her abstract of judgment on July 15, 2010, Basin, not Shaddock, held equitable title in the Property as a result of that second transaction.

Smith argues that even though equitable title was acquired by Basin, then Sumeer, and later by the Homeowners and Lenders, it is not a complete defense to her judgment lien because section 13.001(a) of the property code provides that a conveyance of a real property interest must be recorded to be enforceable against a judgment creditor. *See* TEX. PROP. CODE ANN.

§ 13.001(a) (West 2004). She maintains the Homeowners and Lenders (the current holders of equitable title for the respective lots) "needed" the special warranty deed Landstar executed and recorded in July 2010 to perfect legal title.

Section 13.001(a), commonly referred to as the recording statute, states that a conveyance of real property is "void as to a creditor or to a subsequent purchaser" without notice of the conveyance. *Id.* But equitable title acquired independent of legal title is not subject to or governed by the recording statute. *See Gaona*, 997 S.W.2d at 787; *Resendez*, 706 S.W.2d at 347. That is because equitable title arises by operation of law and exists independent of the execution of a deed; the recording of the deed is not essential to an effective conveyance of title. *Gaona*, 997 S.W.2d at 787. The "superiority of such a title may be asserted against a judgment lien creditor even though he had no notice of the equitable title at the time of fixing his lien." *Resendez*, 706 S.W.2d at 347 (holding equitable title that results from complete payment under contract not subject to recordation and is outside scope of recording statute). This rule makes sense because a judgment creditor, such as Smith, is not injured by the equitable interest held by another. If her lien fails to attach, she "loses nothing." *See First State Bank of Amarillo*, 183 S.W. at 876. She still retains her judgment in its full amount and a lien on any real property owned by Shaddock in Denton County. *Id.*; *see also* TEX. PROP. CODE ANN. § 52.001. Thus, although Landstar originally failed to record the deed conveying the Property to Shaddock as part of the first transaction, that failure did not affect the validity of the transaction. Once Shaddock paid the purchase price and fully satisfied its closing obligations, Shaddock became the owner of the superior equitable title to the land, which immediately passed to Basin as a part of the second transaction.

Shaddock also did not hold "legal title" to the Property on July 15, 2010. "'[W]hen one conveys land by warranty of title, or in such a manner as to be estopped to dispute the title of his grantee, a title subsequently acquired to that land will pass eo instante to his warrantee.'" *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 770 (Tex. 1983) (quoting *Caswell v. Llano Oil Co.*, 36 S.W.2d 208, 211 (Tex. Comm'n App. 1931, opinion adopted)). The summary-judgment evidence shows that on July 14, 2010, Landstar corrected its "conveyance oversight" relating to the Property by executing a special warranty deed to Shaddock with an effective date in July 2008. This legal title passed instantly to Basin through Shaddock on July 14, 2010.

We conclude the evidence conclusively establishes that Shaddock had no interest in the Property at the time Smith recorded her abstract of judgment because equitable title to the Property had already been transferred from Shaddock to Basin in July 2008 as a result of the second transaction; any delay in the transfer of legal title to the Property to Basin was corrected when Landstar executed the special warranty deed to Shaddock on July 14, 2010. Smith's judgment lien therefore did not attach to the Property, *see First State Bank of Amarillo*, 183 S.W. at 876, and the trial court properly granted summary judgment in favor of appellees.

We overrule Smith's issue and affirm the trial court's judgment.


/Mary Murphy/
MARY MURPHY
JUSTICE

111632F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORRIE JEAN SMITH, Appellant

No. 05-11-01632-CV  V.

SUMEER HOMES, INC., SCOTT W. RAY, KRISTEN N. RAY, COLONIAL NATIONAL MORTGAGE, A DIVISION OF COLONIAL SAVINGS, F.A., DAVID A. LEUTHOLD, KATHLEEN O. LEUTHOLD, WELLS FARGO BANK, N.A., THOMAS NALL, JINNIFER NALL, PRIMELENDING, A PLAINSCAPITAL COMPANY, AND CAPITAL TITLE OF TEXAS, LLC, Appellees

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-06708-K.
Opinion delivered by Justice Murphy.
Justices O'Neill and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees, Sumeer Homes, Inc., Scott W. Ray, Kristen N. Ray, Colonial National Mortgage, a Division of Colonial Savings, F.A., David A. Leuthold, Kathleen O. Leuthold, Wells Fargo Bank, N.A., Thomas Nall, Jinnifer Nall, Primelending, a PlainsCapital Company, and Capital Title of Texas, LLC, recover their costs of this appeal from appellant Lorrie Jean Smith.

Judgment entered this 6th day of June, 2013.

/Mary Murphy/
MARY MURPHY
JUSTICE